IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
JANE DOE, :
:
    Plaintiff :
:
v. : **Civil Action No. 8:25-cv-114**
:
RINTU RAJ YEALURI (A/K/A RINTU RAJ :
YELURI), *et al.*, :
:
    Defendants :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR ENTRY OF A PROTECTIVE ORDER**

**I.    INTRODUCTION**

Doe, a former resident of India now living in the United States, is a human trafficking victim. She seeks damages and other relief arising out of her trafficking and involuntary servitude, including sexual servitude, by the Yealuris. In light of the sensitive nature of Doe's allegations and the trauma she has endured, Doe seeks to litigate under a pseudonym and not to disclose her place of residence to protect herself from retaliation, reputational harm, and further mental harm. Doe further requests that pursuant to Federal Rule of Civil Procedure 5.2(e), this Court order all parties to use Doe's pseudonym (or redact Doe's true name) in all documents filed in this action.

Should the Court grant Doe's motion, Doe further requests entry of a Protective Order prohibiting the disclosure of protected information by Defendants, counsel or any other interested or involved parties. Plaintiff believes that the Yealuris are likely to exploit her vulnerability to gain an advantage in these proceedings if they are not precluded from revealing Doe's identity.

1

## II.     FACTUAL BACKGROUND

As set forth in her Complaint filed contemporaneously herewith, the allegations of which are incorporated herein,[1] Doe was born and raised in India, where she earned a master's degree in biotechnology and worked as a life sciences professional.  In May 2020, the Yealuris, residing in Maryland, contacted Doe's family regarding a potential arranged marriage between Doe and Rintu Yealuri.  Based on the representations and conduct of the Yealuris, Doe understood that she would be part of a legitimate marriage and stable family life in the United States, that the Yealuris would support her continued academic and professional goals, and that Rintu would assist Doe in obtaining a Permanent Resident Card (spousal visa).  The Yealuris encouraged Doe to travel to the United States under a student visa, and pursuant to this plan, Doe was accepted at McDaniel College to pursue an additional master's degree.

Doe and Rintu were married in India in December 2021.  Doe arrived in the United States in January 2022 and moved into the Yealuris' Maryland home.  Doe quickly learned that the marriage was a ruse and that the real reason the Yealuris wanted to bring her to the United States was to use her for forced labor and sexual servitude.  The Yealuris confiscated Doe's passport, visa, and birth certificate; strictly limited her access to phone and internet; surveilled her and forbade her to leave the home unaccompanied; and forced her to work long hours seven days a week performing domestic and manual labor and personal services.  In addition, Rintu subjected Doe to sexual violence and brought her to "swingers" club events at which he pressured her to provide sexual services to other participants.  Doe was also subjected to physical and verbal abuse and threats to have her deported if she did not comply with the Yealuris' orders, as well as threats

---

[1] Doe has provided a Declaration, attached hereto as Exhibit 1, affirming under penalty of perjury that the allegations set forth in the Complaint are true and accurate.  Because the Declaration reveals Doe's true identity, she has moved to file it under seal.

made against her family in India. In addition, the Yealuris failed to pay for Doe's education at McDaniel College, as they had promised to do, putting her student visa status in jeopardy and thus increasing her vulnerability to the Yealuris' threats and demands.

In June 2022 Doe escaped her traffickers with the assistance of law enforcement. Doe subsequently lived in crisis centers and shelters and until recently was unable to work. Doe has received and continues to receive counseling and therapy for the trauma caused to her by the Yealuris' actions.

### III. ANALYSIS

#### A. Doe Has a Legitimate Need to Proceed Pseudonymously

The Fourth Circuit has identified "five nonexhaustive factors for district courts to consider when deciding motions to proceed by pseudonym." *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024). Those factors are: (1) whether the requesting party is seeking anonymity to preserve privacy in a matter of a sensitive and highly personal nature, (2) whether failing to grant anonymity imposes a risk of retaliatory physical or mental harm to the requesting party, (3) the age of the person(s) whose privacy interests are sought to be protected, (4) whether the action is against a governmental or private party, and (5) the risk of unfairness to the opposing party from allowing the action to proceed anonymously. *Id*. There is no particular weight assigned to any one factor, as the Fourth Circuit has "entrusted district courts to consider each case individually to discern which factors should – in their discretion – weigh most heavily." *Doe v. Doe*, 85 F.4th 206, 212 (4th Cir. 2023).[2]

---

[2] The third and fourth factors do not weigh heavily, so the Court should focus on the first, second, and fifth factors. The third factor favors proceeding pseudonymously only where minors are involved, which is not the case here. Because all parties are private individuals, the fourth factor also does not weigh in favor of proceeding pseudonymously. However, given the magnitude of Doe's privacy interest and the legitimate risk of harm that would accompany her identification, as discussed below, the relevant balancing test strongly supports granting Doe's motion.

Here, the significant privacy concerns implicated by Doe's Complaint and the need to protect her from a legitimate risk of harm and retaliation warrant this Court's exercise of discretion to allow Doe to proceed pseudonymously. As a human trafficking victim who was exploited and subjected to unconscionable abuse, Doe falls precisely within the class of people that courts have recognized have a justifiable interest in proceeding pseudonymously.

### 1. The Lawsuit is of a Sensitive and Highly Personal Nature

The first factor is "[w]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature . . . ." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Numerous courts, both within the Fourth Circuit and elsewhere, have recognized that cases "where the allegations concern sexual assault" implicate "privacy or confidentiality concerns of the highest order." *Sidar*, 93 F.4th at 248 (citing *James*, 6 F.3d at 238) (internal quotations omitted); *see also Doe v. Doe*, 649 F. Supp. 3d 136, 139 (E.D.N.C.), *aff'd*, 85 F.4th 206 (4th Cir. 2023) (citing cases). Accordingly, courts in this District and elsewhere permit plaintiffs to proceed pseudonymously in cases involving allegations of sexual assault. *See, e.g. Doe v. Darden Restaurants, Inc.*, No. CV JKB-24-1368, 2024 WL 2881121, at *2 (D. Md. June 7, 2024) (permitting plaintiff to proceed pseudonymously in case involving "allegations . . . of a sexual nature and describ[ing] nonconsensual sexualized contact between the Plaintiff and the alleged harasser," and emphasizing that "[i]t is the sensitivity of the nature of the *allegations* that matters when considering anonymity") (emphasis in original)); *J.A. v. Abreu*, No. CV 1:23-cv-02922-JRR, 2024 WL 1806514, at *1-2 (D. Md. April 25, 2024) (permitting plaintiff to proceed pseudonymously because her "allegations pertain to incidents of sexual acts allegedly committed by Defendant"); *Doe v. Penzato*, No. CV10-5154-MEJ, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (permitting plaintiff to proceed pseudonymously because she alleged she was a victim

of human trafficking, forced labor, and sexual battery during her occupation as a child caretaker and housekeeper).

Doe has alleged that she was subjected to both forced labor and sexual servitude as a victim of trafficking. Accordingly, this Court should follow well-reasoned precedent from courts both inside and outside of this jurisdiction in recognizing and protecting Doe's paramount privacy concerns.

### 2. Identification Implicates a Risk of Retaliation

The second factor examines "whether identification poses a risk of retaliatory physical or mental harm to the requesting party." *James*, 6 F.3d at 238. As courts in this District and others have recognized, "[t]he experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact." *Abreu*, 2024 WL 1806514 at *2 (*quoting John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008)). *See also E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (allowing plaintiff in sexual harassment case to proceed pseudonymously due to the "psychological harm from having [her] sensitive experience made permanently available to anyone with Internet access.").

These concerns are underscored by Doe's allegations of mental and physical abuse during the period she was trafficked, as well as threats of harm to Doe and her family made by the Yealuris (and in particular, Rintu). Moreover, Doe currently lives in a location that is accessible to the Yealuris. *See* Exhibit 1 attached hereto. These factors are sufficient to legitimize Doe's concerns for her physical safety and emotional wellbeing. *See Darden Restaurants*, 2004 WL 2881121 at *2 (request for anonymity supported where the plaintiff alleged previous physical assault and her assaulter lived nearby). Although the Yealuris know Doe's identity, Doe is justifiably fearful that if the Yealuris also know her current home address, or reveal her identity

5

and address to others, Doe is at risk of retaliation. This factor weighs strongly in favor of allowing Doe to proceed pseudonymously.

### 3. There is No Risk of Unfairness to Defendants

The last relevant factor entails consideration of whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. There is "no unfairness to [a] defendant who [is] aware of claimant's true identity." *James*, 6 F.3d at 239 (internal citation omitted).

Here, the Yealuris face no meaningful risk of unfairness should Doe be permitted to proceed pseudonymously. The allegations made by Doe and the impact on the Yealuris and their potential defenses will be the same whether Doe proceeds under a pseudonym or not. *See James*, 6 F.3d at 239. Further, Doe seeks only to withhold her name and address from public record, not the underlying facts of the case. Thus, her motion also will not thwart the public interest in open judicial proceedings.

### B. A Protective Order is Necessary to Preserve Doe's Anonymity

Because Doe's identity is already known to the Yealuris, and in light of the previous abuse and retaliatory threats as set forth in Doe's Complaint, this Court should enter an order prohibiting the Yealruis, their counsel, and any other interested parties from disclosing Doe's true identity (and place of residence, should the Yealuris ever discover it). The trial court in *James* did just that, initially granting an *ex parte* protective order, then subsequently outlining in detail what procedures were to be used in court filings, investigation, and depositions. *James*, 6 F.3d at 233, 235-36.

As other courts within the Fourth Circuit have recognized, "[i]n many respects, a protective order is a corollary to a pseudonym order." *Doe v. Mast*, No. 3:22-cv-00049, 2024 WL 3850450 at *5 (W.D. Va. Aug. 16, 2024). Indeed, "inherent in any order permitting a party to proceed under

a pseudonym is an implicit command that the parties bound by the order not publicly disclose the pseudonymous litigant's real name." *Id*. This makes sense because "an order permitting a party to use a pseudonym would be of scant (if any) utility if the opposing litigant could publicly name them." *Id*. *See also Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7:21-cv-378, 2022 WL 972629, at *4 (W.D. Va. Mar. 30, 2022) (granting motion to proceed under a pseudonym and accompanying motion for protective order); *Doe v. Alger*, 317 F.R.D. 37, 29-42 (W.D. Va. 2016) (same).

If the Yealuris are permitted to publicize Doe's true name to others in the community, then the protections offered Doe by proceeding pseudonymously will be undone. Accordingly, Doe requests that this Court order that:

1. Defendants and their counsel and representatives are prohibited from disclosing Doe's true identity or place of residence to anyone unless that person first executes a non-disclosure agreement enforceable through the contempt sanction. This applies to any disclosure in the course of any investigation taken by Defendants, their counsel, or their agents or representatives.

2. All papers filed with this Court or disseminated to any person who has not executed a non-disclosure agreement enforceable through the contempt sanction shall use the pseudonym "Jane Doe" to refer to the Plaintiff, or shall redact her true name.

3. Any papers that identify Doe's true identity shall be filed under seal, with redacted copies placed in the public files.

4. Defendants shall disclose to Doe's counsel any person to whom Defendants, their counsel or representatives have disclosed Doe's true identity, and shall provide Doe's counsel with copies of the executed non-disclosure agreements.

5. The parties shall be permitted to notice depositions, depose witnesses, and conduct other discovery using the "Jane Doe" pseudonym. In deposing any witnesses who do not know Doe's true identity, the Doe pseudonym shall be used. In deposing any

witnesses who already know Doe's true identity, Doe's actual name may be used, but the "Jane Doe" pseudonym must be used in any transcript of those depositions.

## IV.   CONCLUSION

Because this human trafficking lawsuit involves a highly sensitive and personal matter, identification poses a risk of retaliation, and there is no risk of unfairness to the Yealuris, this Court should grant Doe's motion to proceed pseudonymously. For the same reasons, the Court should grant Doe's request for a Protective Order that will ensure the protections afforded to her by proceeding under a pseudonym are not undone by public disclosure of her identity. A proposed Order is attached hereto as Exhibit 2.

Dated: January 13, 2025

Respectfully submitted,

/s/ Charlotte E. Leszinske

Charlotte E. Leszinske, Esq. (Bar No. 31360)
Casey Coffey, Esq. (*pro hac vice* pending)
Hunton Andrews Kurth, LLP
2200 Pennsylvania Avenue, NW Suite 900
Washington, DC 20037
202-955-1500

Robert M. Rolfe, Esq. (*pro hac vice* pending)
M. Christine Klein, Esq. (*pro hac vice pending*)
Hunton Andrews Kurth, LLP
Riverfront Plaza/East Tower
951 East Byrd Street, Richmond VA 23219
804-788-8200

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys of record in this matter, and in addition a copy of this motion will be served on each Defendant by way of process server along with the Complaint filed contemporaneously herewith.

/s/ Charlotte E. Leszinske

Charlotte E. Leszinske, Esq. (Bar No. 31360)
Hunton Andrews Kurth, LLP
2200 Pennsylvania Avenue, NW Suite 900
Washington, DC 20037
202-955-1500